## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

MERSADEZ JOSEPH-COBB,

        **PLAINTIFF,**

v.                                CASE NO.:

FLORIDA DEPARTMENT OF
CORRECTIONS,

        **DEFENDANT**.
_____/

## COMPLAINT

Plaintiff, Mersadez Joseph-Cobb, (hereinafter referred to as the "Plaintiff" or "Joseph-Cobb"), by and through her undersigned attorney, sues the defendant, Florida Department of Corrections, (hereinafter referred to as the "Defendant" or "DOC"), and alleges as follows:

### *JURISDICTION AND VENUE*

1.    Plaintiff brings this action to remedy discrimination on the basis of race, retaliation and hostile work environment in the terms, conditions, and privileges of Plaintiff's employment in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

2.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3.     This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

4.     All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination ("COD") with the Florida Commission on Human Relations ("FCHR" No.: 202023037) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202000488) on 01/02/2020. On July 22, 2020, more than 180 days had elapsed since Plaintiff's COD was filed with the Commission. The FCHR thereafter issued a notice of dismissal pursuant to Fla. Stat. § 760.11. Plaintiff thereafter requested her 90 day Notice of Right to Sue letter from the EEOC. The U.S. Department of Justice, Civil Rights Division issued the Right to Sue, which was received on January 28, 2022.

## *PARTIES*

5.     Plaintiff is an African American female and a citizen of the state of South Carolina.

6.     Defendant, Florida Department of Corrections, is a state agency that manages the State of Florida's prison system. Defendant employs more than

2

24,000 employees and is an employer within the terms of conditions of the Florida Civil Rights Act and Title VII.

*FACTS*

7.      Plaintiff is an African American female.

8.      Plaintiff began her employment with Defendant on or about October 5, 2018.

9.      Plaintiff was employed by Defendant as a Corrections Officer ("CO") at the Santa Rosa County Correctional Institute ("SRCCI").

10.     Plaintiff performed the duties and responsibilities of her position(s) in a more than satisfactory manner and without incident.

11.     During Plaintiff's employment with Defendant, she was harassed by her Caucasian superiors that her hair was faddish or was too long to wear certain styles and that her uniform pants were too tight and made to change both.

12.     The Caucasian women, some bigger in size than Plaintiff, were not harassed about their pant size nor their hair styles and were not required to make any changes to their appearance.

13.     On October 25, 2019, Plaintiff and CO Stephen Harvey were assigned as outside hospital security officers to guard an inmate hospitalized at Baptist Hospital.

14.     At approximately 2:00 a.m., a nurse entered the room to draw blood

from the inmate. At that time Plaintiff acknowledged the nurse entering the room and exchanged hellos.

15.   Plaintiff's Shift Supervisor CO Lieutenant Christopher Pratt (Caucasian male) went to Baptist Hospital to conduct an OIC (officer in charge) post check, entering the room at apporximatly 2:10 a.m.

16.   After walking into the room, Lt. Pratt falsely accused Plaintiff of sleeping while on duty.

17.   Lt. Pratt claimed to have observed Plaintiff asleep in a recliner, fully extended with a jacket pulled up across her body up to her face.

18.   Lt. Pratt relieved Plaintiff of her duties and instructed her to report back to Santa Rosa CI. Both Plaintiff and CO Harvey were instructed to submit incident reports.

19.   CO Stephen Harvey's incident report stated that Plaintiff was not sleeping and even the nurse on duty informed Lt. Pratt that Plaintiff was not and had not been sleeping.

20.   An investigation was conducted into the alleged incident and all the witness statements said that Plaintiff was not sleeping.

21.   Plaintiff believed she was being retaliated against by Warden Walker Clemmons because she had a meeting with him to discuss the unfair and discriminatory treatment was receiving being subjected too.

4

22.    Plaintiff discussed with him the possibilities of her filing a discrimination and hostile work environment complaint, however, her complaints were completely blown off and her issues disregarded.

23.    Within a few weeks of the hospital incident and having reported claims of discrimination and harassment, Plaintiff's employment was terminated on December 6, 2019.

## FIRST CAUSE OF ACTION
### (Race Discrimination-– Title VII)

24.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 23 of her complaint with the same force and effect as if set forth herein.

25.    Defendant is and employer and Plaintiff is an employee within the mean and terms and conditions of Title VII, as Defendant employs in excess of fifteen (15) employees.

26.    Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII.

27.    Plaintiff is an African American female.

28.    Plaintiff was more than qualified for the position of a Corrections Officer and performed her duties and responsibilities in a more than satisfactory manner.

29.    Plaintiff's employment with Defendant was terminated on December

6, 2019.

30.    Plaintiff was treated less favorably than her Caucasian co-workers.

31.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until the Court grants relief.

## SECOND CAUSE OF ACTION
### (RACE RETALIATION - TITLE VII)

32.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 23 of her complaint with the same force and effect as if set forth herein.

33.    Defendant retaliated against Plaintiff engaging in a protected activity in the terms and conditions of her employment on the basis of her race in violation of Title VII.

34.    Plaintiff is an African American female.

35.    Plaintiff reported to Warden Walker Clemmons, that she was being discriminated against because of her race.

36.    On December 6, 2019, Defendant terminated Plaintiff's employment.

37.    Plaintiff's termination occurred only weeks after she reported the racial discrimination to Warden Walker Clemmons.

38.    Defendant's termination of Plaintiff's employment violated Title VII, by retaliating against Plaintiff because she engaged in a protected activity by

objecting to Defendant's discriminatory acts and being terminated within a few weeks of doing so.

39.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until the Court grants relief.

### THIRD CAUSE OF ACTION
(HOSTILE WORK ENVIRONMENT - TITLE VII)

40.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 23 of her complaint with the same force and effect as if set forth herein.

41.    Plaintiff is an African American female.

42.    During Plaintiff's employment with Defendant, she was subjected to unwelcome harassment due to her race.

43.    Defendant allowed its employees to harassment Plaintiff because of her race by subjecting her to improper and unfounded allegations and investigations and ultimately terminating her employment.

44.    Defendant knew about the unfounded allegation and investigation and treatment of Plaintiff yet allowed them continue which created a discriminatorily abusive working environment for Plaintiff.

45.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless

and until her Court grants relief.

46.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 23 of her complaint with the same force and effect as if set forth herein.

47.    Defendant is and employer and Plaintiff is an employee within the mean and terms and conditions of Title VII, as Defendant employs in excess of fifteen (15) employees.

48.    Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII.

49.    Plaintiff is an African American female.

50.    Plaintiff was more than qualified for the position of Corrections Officer and performed her duties and responsibilities in a more than satisfactory manner.

51.    Plaintiff's employment with Defendant was terminated on December 6, 2019.

52.    Plaintiff was treated less favorably than her Caucasian co-workers.

53.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until the Court grants relief.

*FOURTH CAUSE OF ACTION*

*(Race Discrimination-– FCRA)*

54.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 23 of her complaint with the same force and effect as if set forth herein.

55.    Defendant is and employer and Plaintiff is an employee within the mean and terms and conditions of FCRA, as Defendant employs in excess of fifteen (15) employees.

56.    Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of FCRA.

57.    Plaintiff is an African American female.

58.    Plaintiff was more than qualified for the position of Corrections Officer and performed her duties and responsibilities in a more than satisfactory manner.

59.    Plaintiff's employment with Defendant was terminated on December 6, 2019.

60.    Plaintiff was treated less favorably than her Caucasian co-workers.

61.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until the Court grants relief.

<u>FIFTH CAUSE OF ACTION</u>

*(RACE RETALIATION - FCRA)*

62.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 23 of her complaint with the same force and effect as if set forth herein.

63.     Defendant retaliated against Plaintiff engaging in a protected activity in the terms and conditions of her employment on the basis of her race in violation of FCRA.

64.     Plaintiff is an African American female.

65.     Plaintiff reported to Warden Walker Clemmons, that she was being discriminated against because of her race.

66.     On December 6, 2019, Defendant terminated Plaintiff's employment.

67.     Plaintiff's termination occurred only weeks after she reported the racial discrimination to Warden Walker Clemmons.

68.     Defendant's termination of Plaintiff's employment violated FCRA, by retaliating against Plaintiff because she engaged in a protected activity by objecting to Defendant's discriminatory acts and being terminated within a few weeks of doing so.

69.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until the Court grants relief.

## SIXTH CAUSE OF ACTION
### (HOSTILE WORK ENVIRONMENT - FCRA)

70.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 23 of her complaint with the same force and effect as if set forth herein.

71.     Plaintiff is an African American female.

72.     During Plaintiff's employment with Defendant, she was subjected to unwelcome harassment due to her race.

73.     Defendant allowed its employees to harassment Plaintiff because of her race by subjecting her to improper and unfounded allegations and investigations and ultimately terminating her employment.

74.     Defendant knew about the unfounded allegation and investigation and treatment of Plaintiff yet allowed them continue which created a discriminatorily abusive working environment for Plaintiff.

75.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until her Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter a judgment:

a)     Declaring the acts and practices complained of herein are violation of Title VII and the FCRA;

11

b)      Enjoining and permanently restraining those violations of Title VII and the FCRA;

c)      Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)      Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)      Awarding Plaintiff Front Pay in lieu of reinstatement;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h)      Granting such other and further equitable or other relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: April 27, 2022.          By:     */s/ Clayton M. Connors*
                                         CLAYTON M. CONNORS
                                         Florida Bar No.: 0095553
                                         Email: cmc@westconlaw.com
                                         **THE LAW OFFICES OF**
                                         **CLAYTON M. CONNORS, PLLC.**
                                         4400 Bayou Blvd., Suite 32A
                                         Pensacola, Florida 32503
                                         Tel:  (850) 473-0401
                                         Fax: (850) 473-1388
                                         *Attorney for the Plaintiff*